# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR F. TEDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-114-SPS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Arthur F. Tedrick requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[2]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born October 29, 1948, and was sixty-five years old at the time of the most recent administrative hearing (Tr. 54). He completed three semesters of college, and has worked as a construction worker I and front-end loader (Tr. 21, 284). The claimant alleges inability to work since November 1, 2005 due to osteoarthritis, osteoporosis, heart problems, and high blood pressure (Tr. 284).

## Procedural History

On December 16, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 13, 2012 (Tr. 100-106), but the Appeals Council vacated ALJ Deramus's opinion and remanded the case back to him with instructions on remand to properly consider the claimant's 100% service-connected disability rating with the Department of Veteran Affairs (VA) (Tr. 112-113). On remand, ALJ Doug Gabbard, II, conducted a second administrative hearing and again determined that the claimant was not disabled in a written decision dated June 27, 2014 (Tr. 10-24). The Appeals Council then denied review, so ALJ Gabbard's 2014 opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform medium unskilled work (work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time), but stated that the claimant must only occasionally be required to understand, remember, and complete detailed instructions because he has marked limitations in this area. Furthermore, the ALJ found that the claimant's supervision must be simple, direct, and concrete; that he must work in a setting where he can frequently work alone where interpersonal contact with supervisors and coworkers must be incidental to the work performed (such as assembly work); there must be no contact with the general public; and he must avoid even moderate exposures to dust, fumes, gases, odors, and other pulmonary irritants and humidity and wetness (Tr. 17). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, linen room attendant (Tr. 21-22).

## Review

The claimant's sole contention of error is that the ALJ improperly discounted the VA disability rating. The Court finds this contention unpersuasive for the following reasons.

On remand, ALJ Gabbard determined that the claimant had the severe impairments of chronic obstructive pulmonary disease, back and neck pain secondary to degenerative disc disease, affective disorder, and substance addiction disorder (alcohol,

reportedly in remission), as well as the nonsevere impairments of hypertension, ischemia of the left eye, osteoarthritis and osteoporosis, multiple dental caries requiring complete mandible and maxillary dentures, right leg muscles gone, previous fracture of the hip in the 70s, legs and feet numb, cerebrovascular disease, tobacco abuse, obesity, GERD, erectile dysfunction, sleep disorder, and surgical correction for testicular swelling (Tr. 14-15). The medical evidence relevant to this appeal is largely treatment notes from various Veteran's Administration treatment facilities. The notes prior to the date last insured of June 30, 2006 reveal that alcohol abuse and PTSD were on the claimant's "Problem List" at the VA (Tr. 377-378). There are, however, no mental health treatment records related to that time (or thereafter), nor is there a record that the claimant was prescribed mental health medications. The notes largely reflect that the claimant had vision problems related to high blood pressure in October 2005, and that he was treated for dental problems including an abscessed tooth and dentures (Tr., *e. g.*, 391-392, 402). The claimant was hospitalized for treatment of his COPD and high blood pressure in 2005, and he was noted to have anxiety because he was not able to smoke while he was in the hospital, which was treated with an as-needed medication (Tr. 483, 517).

Prior to the alleged onset date, a 2003 treatment notation from the Choctaw Clinic indicates a diagnosis of Adjustment disorder and that the claimant was prescribed a seven-day starter pack of Zoloft, but the diagnosis was not mentioned in the treatment notes again nor was he prescribed further medications related to a mental impairment (Tr. 700).

The record nevertheless reflects that the claimant was awarded service-connected disability benefits from the VA. He was found to have a 70% service-connected overall rating for PTSD, but an overall 100% unemployability rating, effective June 24, 2003 (Tr. 271-276). The VA found that the claimant's inability to maintain a job for a length of time was due to complications related to his PTSD (Tr. 276). At the most recent administrative hearing, the claimant testified, *inter alia*, that his drinking evolved from his PTSD, as a way to treat himself (Tr. 78).

In his written opinion, the ALJ thoroughly summarized the claimant's testimony, as well as the medical evidence contained in the record. As relevant to this appeal, the ALJ noted that the Appeals Council had remanded the case to address the claimant's VA disability rating, and proceeded to do so. At step four, the ALJ specifically summarized all the records from the VA prior to the claimant's date last insured, noting it was mostly minimal treatment for COPD (Tr. 19-20). He then noted that there was some evidence in the record that the claimant had diagnoses of affective disorder, alcohol abuse, and PTSD prior to the date last insured, but that that claimant received no mental health treatment and was not prescribed any psychotropic medications (Tr. 20). Further, he noted the claimant's hearing testimony in which he stated that many of his problems around the time he was diagnosed with PTSD and awarded benefits through the VA were related to his alcohol abuse (Tr. 20). Furthermore, the ALJ noted that there is no record of inpatient mental health treatment, no record of prescription psychotropic medication, and only four to five counseling sessions within two years of the most recent administrative hearing (well past the date last insured) (Tr. 20). He then stated that he gave little weight to the

VA's 100% service-connected disability rating in light of the claimant's lack of medical treatment or medication management, as well as the claimant's admitted alcohol abuse at the same time period (Tr. 21). Additionally, he noted the differing standards between the VA and the Social Security Administration, and thus found it of little probative value in this case (Tr. 21).

The claimant contends that the ALJ improperly discounted the VA disability rating and that the ALJ's reasons for discounting the disability rating are inadequate. "'Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered.'" *Baca v. Department of Health & Human Services*, 5 F.3d 476, 480 (10th Cir. 1993)), *quoting Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979). Although an ALJ is not required to give controlling weight to the disability ratings by the VA, *see* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), he is required to determine the proper weight to give such findings by applying the factors in 20 C.F.R. § 404.1527. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262-1263 (10th Cir. 2005) ("Although another agency's determination of disability is not binding on the Social Security Administration, 20 C.F.R. § 416.904, it is evidence that the ALJ must consider and explain why he did not find it persuasive."), *citing Baca*, 5 F.3d at 480. Here, the ALJ's reasoning, set forth above, was sufficient. The claimant argues that the ALJ erred in referencing the claimant's alcohol abuse as a reason for rejecting the VA's disability rating, but the

claimant himself testified as to the effect of alcohol on him at that time, and this did not rise of the level of the ALJ rendering a medical opinion as contended by the claimant. Indeed, the ALJ considered the VA's rating, but noted the absence of treatment notes to support any limitations, much less a finding of total disability. "Plaintiff proffers nothing to suggest that this rationale was not adequate or that the failure to more specifically compare and contrast the Commissioner's rules to those that informed the VA's decision might yield a different result." *Rex v. Colvin*, 26 F. Supp. 3d 1058, (D. Colo. 2014). *See also Breneiser v. Astrue*, 231 Fed. Appx. 840, 845 (10th Cir. 2007) ("There is no dispute that the ALJ considered the VA records and acknowledged the VA's 100% disability rating. . . . Mr. Breneiser argues that the ALJ should have given the VA's rating more weight, but . . . [t]he ALJ was not required to adopt the VA's conclusion."); *Jones v. Barnhart*, 53 Fed. Appx. 45, 47-48 (10th Cir. 2002) ("Simply put, the . . . veterans administration proceedings are entirely different and separate from a claim under the Social Security Act, with different parties, different evidentiary standards, and different bodies of law governing their outcomes. While disability determinations by other agencies should be considered, they are not binding on the Commissioner.") (internal citations omitted).

The essence of the claimant's appeal here is that the Court should re-weigh the evidence and determine his RFC differently from the Commissioner, which the Court simply cannot do. The ALJ specifically noted every medical record available in this case, *and still concluded* that he could work. *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the

testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard*, 379 F.3d at 949. *See also Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), citing 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. The decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 25th day of September, 2017.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**